## SOUTH ATLANTIC DRY DOCK CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. Florida. August 18, 1921.)

1. **Pleading ⬤⟩64(1)—Common counts may be joined in one count.**

   A number of the common counts may be joined in one count in a declaration.

2. **Pleading ⬤⟩115—Plea of never indebted applicable to common counts only.**

   The plea "never indebted" is applicable to common counts, and the plea "never promised" to counts on simple contracts.

3. **Principal and agent ⬤⟩69(1)—Secret combination by employees to secure contracts from employer held unlawful.**

   Employees may not lawfully secretly combine to secure contracts from their employer to be performed by themselves.

At Law. Action by the South Atlantic Dry Dock Company against the United States Shipping Board Emergency Fleet Corporation. On demurrers to pleas. Sustained in part.

John W. Dodge, of Jacksonville, Fla., for plaintiff.

Fleming & Fleming, of Jacksonville, Fla., for defendant.

CALL, District Judge. [1] This is a suit by the assignee of certain claims against the Emergency Fleet Corporation. The declaration is in two counts. In the first count several of the common counts are joined. This arrangement is challenged in the brief of defendant. Such a practice is usually followed in the state courts, and has the approval of Puterbaugh in his work on Pleading and Practice (8th Ed.) at page 91. I do not think the count is amenable to that criticism.

The second pleads the state statute giving a lien for work and labor done and materials furnished for vessels. The contention is made that this count cannot be maintained, because of the act of March, 1920 (41 Stat. 525). It is sufficient to point out that this action was begun December 1, 1919, before the passage of the act. This is a suit in personam, and simply seeks to enforce a personal judgment by levy of execution upon certain specific property. An objection not insisted upon by the defendant might be possibly taken to the count, under the Act of June 23, 1910 (Comp. St. §§ 7783–7787), in so far as any repairs, supplies, and other necessaries are concerned, included in the account upon which suit is brought. Section 5 of the act supersedes the provisions of all state laws giving a lien on vessels in so far as they purport to give rights of action to be enforced by proceedings in rem.

[2] The defendant pleaded "Never indebted as alleged" and "Never promised as alleged" to both counts severally. The plaintiff moves to strike the first plea to the second count and the second plea to the first count. This motion should be granted. The plea "Never indebted" is applicable to the common counts, and the plea of "Never promised" to simple contracts. If the second count be viewed as a count based on an express contract, the plea of "Never promised" is applicable, and the plea of "Never indebted" is not. Section 2666, Revised General Statutes of Florida.

[3] Demurrer was interposed to the third plea, which in effect sets up a defense that the assignors of the plaintiff, while in the employ of the defendant, secretly and without the knowledge of the employer organized two copartnerships to render services to vessels, and dealt with themselves in getting contracts for such services from the employer; that the employer had already paid amounts sufficient to recompense the assignors for all the services performed, and this suit was for profits made upon such contracts; that such actions were mala fides, and the employer entitled to receive all such profits so accruing. As I understand the law, employees are not allowed to enter into secret combinations among themselves and acquire contracts to do work for their employers. In other words, the employee cannot represent his employer and himself in acquiring contracts to do work or furnish materials for his employer. One cannot serve two masters. He cannot occupy the antagonistic positions of letting contracts for work for his employer and take such contracts for the benefit of himself and associates. Before he can occupy this dual position, the employer must be advised of the condition; and this is so whether the employer has suffered any loss. I think the plea states a defense to the cause of action set out in each count. The demurrer will be overruled.

The fourth and fifth pleas go to the right to sue the United States Shipping Board Emergency Fleet Corporation. Similar pleas have been heretofore ruled bad, and the demurrer to these pleas will be sustained.